# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.               Case No. 17-CR-217

**GERMAINE JOHNSON**
   **Defendant.**

## DECISION AND ORDER

Defendant Germaine Johnson seeks district court review of the magistrate judge's detention order. On review of the record and the submissions, I continue that order.

## I. BACKGROUND

On December 5, 2017, the government applied for and obtained a criminal complaint against defendant and 18 others alleging heroin trafficking and related offenses. (R. 1 at 1.) The government further sought warrants to search various properties, including defendant's residence. (R. 1 at 8.) The supporting affidavit averred that Clifton Morrison, the leader of the organization, provided heroin and cocaine to mid-level distributors, including defendant. (R. 1 at 10-11.) The affidavit further averred that the government had obtained a wiretap for Morrison's phone, intercepting approximately 99 calls and/or text messages between Morrison and defendant that were deemed criminal in nature. (R. 1 at 39.) The affidavit summarized a number of these communications, ostensibly involving defendant's receipt of heroin from Morrison and defendant's provision of drug proceeds to Morrison, and described agents' attempted surveillance of defendant, with defendant using counter-surveillance measures to evade agents. (R. 1 at 39-43.)

Defendant appeared before a magistrate judge on December 6, 2017, and was temporarily detained, with a detention hearing set for December 13, 2017. (R. 18.) At the December 13 hearing, the government indicated that according to surveillance and wiretap intercepts defendant was one of Morrison's main distributors. The government noted that defendant continued to engage in drug trafficking activities even after he observed law enforcement conducting surveillance on him. The government further noted that during the execution of the search warrant agents recovered a firearm, ammunition, cash, scales, and jewelry from defendant's residence. The evidence was strong, the government claimed, and defendant faced a lengthy mandatory minimum sentence if convicted. Finally, the government noted that defendant was a felon, with a previous federal drug trafficking conviction. Based on these factors, the government sought detention as a danger to the community. (R. 88 at 1.) Defendant responded that he shared the residence with others, and the gun could have belonged to someone else. He further noted that Morrison is his cousin and that most of the calls related to family matters. Finally, he noted that he had a job as a teacher's aide at a school, which was still available if released, and that he also ran a home healthcare business. (R. 88 at 1-2.) The magistrate judge ordered detention, finding that the presumption of detention had not been overcome. He also expressed concern about the firearm and the possibility that defendant would go back to criminal activity if released. (R. 88 at 2.)

On December 19, 2017, the government obtained an indictment charging defendant with conspiracy to distribute 100 grams of more of heroin, 21 U.S.C. § 841(b)(1)(B), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1). At the December 20, 2017, arraignment, the magistrate judge continued the previous detention order. (R. 5 at 2.)

On February 14, 2018, defendant filed a motion for release on bail. In support of that

2

request, he noted that the drug charge on which he had been indicted carried a lower penalty range than the government previously asserted;[1] that the government had not alleged use of the firearm to facilitate the drug conspiracy; and that the firearm was found during the search of his residence, not on his person, and that the gun belonged to his girlfriend, a CCW permit holder, who swore out an affidavit to that effect. He further argued that the government would not be able to prove his constructive possession of the gun. (R. 143.)

The magistrate judge held a hearing on the motion on March 2, 2018. The government sought continuation of the detention order, indicating that the indictment was presented to the grand jury very conservatively, and that the recorded calls showed defendant to be an important part of the conspiracy. The government further noted that the firearm was found in the master bedroom in plain view; even if defendant's girlfriend owned the gun, he knew it was there. Agents also found ammunition and magazines in the house, as well as money and scales. (R. 153 at 1.) Defendant responded that there was no allegation in the indictment that the gun was related to the alleged drug offenses, or that he carried a firearm, and that it is not an offense for a felon to be in the same premises as a firearm. Regarding the scales, he indicated that he has a heroin problem, and that it is not unusual for heroin users to have scales in their residences. Finally, he noted his stable residence and job, and that his prior record is dated. (R. 153 at 2.) The magistrate judge continued the detention order. While he was not concerned about flight, he noted that this was still a presumption case. He was also concerned about the presence of ammunition and magazines in the residence. (R. 153 at 2.)

---

[1]The indictment places some defendants in the 10 years to life category, 21 U.S.C. § 841(b)(1)(A), others, including defendant, in the 5-40 year range, 21 U.S.C. § 841(b)(1)(B). However, because defendant has a prior felony drug conviction, his penalties could increase to 10 years to life if the government files an information under 21 U.S.C. § 851.

3

On March 14, 2018, defendant filed the instant motion for review of the detention order. The government has responded, and the matter is ready for decision.

## II. DISCUSSION

**A.     Standard of Review**

Under 18 U.S.C. § 3145, the district court reviews a magistrate judge's bail decision de novo. United States v. Hendon, No. 08-CR-172, 2009 U.S. Dist. LEXIS 86341, at *5 (E.D. Wis. Sept. 10, 2009) (citing United States v. Portes, 786 F.2d 758, 761 (7th Cir. 1985); United States v. Jones, 804 F. Supp. 1081, 1086 (S.D. Ind. 1992)). The district court may hold a new hearing or review the record of the proceedings before the magistrate judge. See United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991).

Neither side specifically requests a de novo hearing in the present case. Defendant's motion for review is virtually identical to the February 14 bond motion, including the same four exhibits. He presents no new evidence with the motion, nor does he indicate that he has additional evidence to present. Under these circumstances, a de novo hearing is unnecessary. I find the record made before the magistrate judge and the parties' submissions sufficient to rule.

**B.     Bail Standards**

A defendant charged with an offense may be released on personal recognizance, released on conditions, temporarily detained, or detained. 18 U.S.C. § 3142(a). The court will order detention if it finds that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In making this determination, the court considers the nature and circumstances of the offense

4

charged, including whether the offense involves a controlled substance, firearm, explosive, or destructive device; the weight of the evidence against the defendant; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Certain offenses, including drug trafficking crimes with a maximum penalty of ten years or more, carry a rebuttable presumption that no condition(s) will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. 3142(e). This presumption shifts the burden of production to the defendant to come forward with some evidence that if released he will not flee or endanger the community. Portes, 786 F.2d at 764. Even if it is rebutted, the presumption remains in the case as an evidentiary finding militating against release, although the ultimate burden of persuasion rests with the government. United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986). The government must prove danger by clear and convincing evidence, Portes, 786 F.2d at 764, and flight risk by a preponderance of the evidence, id. at 765.

Finally, a defendant, previously detained, can seek to re-open the detention hearing if he presents new information which has a material bearing on the issue whether there are conditions of release that will reasonably assure his appearance and the safety of the community. 18 U.S.C. § 3142(f)(2); Hendon, 2009 U.S. Dist. LEXIS 86341, at *7.

**C.    Analysis**

The drug conspiracy count carries a presumption of detention. See Dominguez, 783 F.2d at 706 n.7 ("We agree with the courts that have concluded that such a finding may be based solely on an indictment charging crimes sufficient to trigger the presumptions."). Defendant has failed to rebut the presumption, and the government has demonstrated danger

5

to the community under the § 3142(g) factors.

The offenses charged, which involve the alleged distribution of large quantities of heroin and the possession of a firearm, are very serious. If convicted, defendant faces a sentence of 5-40 years on the drug count, which would increase to 10 years to life on the filing of a § 851 information.

Most of defendant's motion is devoted to arguing that the government will not be able to prove constructive possession of the firearm. (R. 165 at 2-8; Ex. 1-4.) However, he fails to address the weight of the evidence on the drug conspiracy count, which appears to be quite strong. As the government notes, agents intercepted numerous communications between defendant and Morrison discussing the distribution of significant quantities of heroin, the quality of the heroin, and efforts to evade detection. Agents also conducted surveillance, observing defendant at the organization's "stash house." Finally, agents executed a search warrant at defendant's residence, recovering various items, including a loaded firearm, magazines, ammunition, a scale, cash, and men's gold jewelry. As indicated, defendant's girlfriend says the gun is her's, but defendant provides no explanation for the ammunition found throughout the residence.

While aspects of defendant's background, including his employment, family and community ties, suggest that he is not a flight risk, his prior federal conviction for possession of 500+ grams of cocaine with intent to distribute suggests that he poses a danger to the community. He also admits continued use of marijuana and heroin, despite receiving treatment during his previous federal supervision term. (R. 7 at 3.) Defendant contends that his employment and family ties ameliorate the risk (R. 165 at 9), but the record shows that he was living with his sister, working for MPS, and operating a personal care services business while

6

he allegedly engaged in the instant offense conduct.[2]

### III. CONCLUSION

**IT IS ORDERED** that defendant's motion for review of the detention order (R. 165) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[2] In the previous federal case, I imposed a sentence of time served followed by five years of supervised release. I based this lenient sentence on the government's U.S.S.G. § 5K1.1 motion and defendant's significant post-offense rehabilitation. United States v. Johnson, No. 07-CR-320, 2009 U.S. Dist. LEXIS 32170 (E.D. Wis. Apr. 15, 2009). In 2015, defendant filed a motion to expunge his conviction, indicating that he had completed supervision in April 2014, maintained employment, earned associate's and bachelor's degrees, obtained a partnership in a personal care agency, and avoided police contact since his conviction (aside from minor traffic tickets). I commended defendant for his progress, "which started before I sentenced him and continues," but concluded that he failed to demonstrate the extraordinary, unwarranted adverse consequences required by the then-applicable Janik standard. United States v. Johnson, No. 07-CR-320, 2015 U.S. Dist. LEXIS 160944, at *3 (E.D. Wis. Dec. 1, 2015). If the instant allegations are true, defendant's progress appears to have been illusory.

7